◻ **ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :        **SEALED SUPERSEDING**
                                 :        **INDICTMENT**
        - v. -                   :
                                 :        S1 16 Cr. 478 (CS)
JUAN BENIQUEZ,                   :
        a/k/a "Johnny"           :
JUSTIN BENIQUEZ,                 :
OSCAR BORIA, JR.,                :
ELIJAH CABRERA,                  :
WILLIS CALDWELL,                 :
        a/k/a "Fatts,"           :
ANTHONY CRUM,                    :
DEREK DEGROAT,                   :
ANTHONY FIELDS,                  :
        a/k/a "Tone,"            :
DENISE FLORES-JACOBSON,          :
COLLYER GOODMAN,                 :
        a/k/a "West"             :
ALAN KING,                       :
        a/k/a "Killa Grip,"      :
LIEUNIGEL LEWIS,                 :
        a/k/a "Gucci Louie,"     :
DURANN ROLLINS,                  :
        a/k/a "Dee,"             :
DAMON WHEELER,                   :
        a/k/a "Ross,"            :
LINDA WILLIAMS,                  :
                                 :
                Defendants.      :
                                 :
- - - - - - - - - - - - - - - - X


## COUNT ONE

The Grand Jury charges:

1.   From at least in or about 2015, up to and including in or about August 2016, in the Southern District of New York and elsewhere, JUAN BENIQUEZ, a/k/a "Johnny," JUSTIN

BENIQUEZ, OSCAR BORIA, JR., ELIJAH CABRERA, WILLIS CALDWELL, a/k/a "Fatts," ANTHONY CRUM, DEREK DEGROAT, ANTHONY FIELDS, a/k/a "Tone," DENISE FLORES-JACOBSON, COLLYER GOODMAN, a/k/a "West," ALAN KING, a/k/a "Killa Grip," LIEUNIGEL LEWIS, a/k/a "Gucci Louie," DURANN ROLLINS, a/k/a "Dee," DAMON WHEELER, a/k/a "Ross," and LINDA WILLIAMS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that JUAN BENIQUEZ, a/k/a "Johnny," JUSTIN BENIQUEZ, OSCAR BORIA, JR., ELIJAH CABRERA, WILLIS CALDWELL, a/k/a "Fatts," ANTHONY CRUM, DEREK DEGROAT, ANTHONY FIELDS, a/k/a "Tone," DENISE FLORES-JACOBSON, COLLYER GOODMAN, a/k/a "West," ALAN KING, a/k/a "Killa Grip," LIEUNIGEL LEWIS, a/k/a "Gucci Louie," DURANN ROLLINS, a/k/a "Dee," DAMON WHEELER, a/k/a "Ross," and LINDA WILLIAMS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3.   The controlled substance that JUAN BENIQUEZ, a/k/a "Johnny," JUSTIN BENIQUEZ, DEREK DEGROAT, ANTHONY FIELDS, a/k/a "Tone," DENISE FLORES-JACOBSON, ALAN KING, a/k/a "Killa Grip," LIEUNIGEL LEWIS, a/k/a "Gucci Louie," DURANN ROLLINS,

a/k/a "Dee," and LINDA WILLIAMS, the defendants, and others known and unknown, conspired to distribute and possess with intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(A).

4.   The controlled substance that JUAN BENIQUEZ, a/k/a "Johnny," OSCAR BORIA, JR., ELIJAH CABRERA, WILLIS CALDWELL, a/k/a "Fatts," ANTHONY CRUM, COLLYER GOODMAN, a/k/a "West," and DAMON WHEELER, a/k/a "Ross," the defendants, and others known and unknown, conspired to distribute and possess with intent to distribute was five kilograms and more of mixtures and substances containing cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

### Overt Acts

5.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.   On or about April 4, 2016, JUAN BENIQUEZ, a/k/a "Johnny," the defendant, sold crack to a confidential informant ("CI-1") in or around Middletown, New York.

3

b.    On or about June 15, 2016, JUSTIN BENIQUEZ, the defendant, sold crack to CI-1 in or around Middletown, New York.

c.    On or about June 14, 2016, OSCAR BORIA, JR., the defendant, purchased cocaine from COLLYER GOODMAN, a/k/a "West," the defendant.

d.    On or about April 27, 2016, ELIJAH CABRERA and JUAN BENIQUEZ, a/k/a "Johnny," the defendants, had a phone conversation regarding CABRERA selling cocaine to customers.

e.    On or about December 29, 2015, WILLIS CALDWELL, a/k/a "Fatts," the defendant, sold cocaine to a confidential informant ("CI-2") in or around Middletown, New York.

f.    On or about May 6, 2016, ANTHONY CRUM, the defendant, sold cocaine to a confidential informant ("CI-3") in or around Middletown, New York.

g.    On or about May 28, 2016, DEREK DEGROAT and JUAN BENIQUEZ, a/k/a "Johnny," the defendants, had a phone conversation regarding DEGROAT selling crack to customers.

h.    On or about October 13, 2015, ANTHONY FIELDS, a/k/a "Tone," the defendant, purchased cocaine from JUAN BENIQUEZ, a/k/a "Johnny," the defendant.

4

i.   On or about March 15, 2016, DENISE FLORES-JACOBSON, the defendant, sold crack to CI-1 in or around the Middletown, New York.

j.   On or about May 23, 2016, COLLYER GOODMAN, a/k/a "West," and JUAN BENIQUEZ, a/k/a "Johnny," the defendants, exchanged text messages regarding JUAN BENIQUEZ purchasing cocaine from GOODMAN.

k.   On or about May 16, 2016, ALAN KING, a/k/a "Killa Grip," and JUAN BENIQUEZ, a/k/a "Johnny," the defendants, had phone conversations and exchanged text messages regarding KING purchasing crack from JUAN BENIQUEZ.

l.   On or about January 6, 2015, LIEUNIGEL LEWIS, a/k/a "Gucci Louie," the defendant, sold crack to a confidential informant ("CI-4") in or around Middletown, New York.

m.   On or about September 22, 2015, DURANN ROLLINS, a/k/a "Dee," the defendant, sold crack to CI-4 in or around Middletown, New York.

n.   On or about May 10, 2016, DAMON WHEELER, a/k/a "Ross," the defendant, sold cocaine to a confidential informant ("CI-5") in or around Middletown, New York.

o.   On or about June 3, 2015, LINDA WILLIAMS, DEREK DEGROAT and JUAN BENIQUEZ, a/k/a "Johnny," the defendants,

had phone conversations regarding DEREK DEGROAT paying for crack

he purchased from JUAN BENIQUEZ.

(Title 21, United States Code, Section 846.)


## COUNT TWO

The Grand Jury further charges:

6.     On or about January 26, 2016, in the Southern

District of New York, JUAN BENIQUEZ, a/k/a "Johnny," the

defendant, during and in relation to a drug trafficking crime

for which he may be prosecuted in a court of the United States,

namely, the crime charged in Count One of this Indictment,

knowingly did use and carry a firearm, and, in furtherance of

such crime, did possess a firearm.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)


## FORFEITURE ALLEGATION

7.     As a result of committing the offense alleged in

Count One of this Indictment, JUAN BENIQUEZ, a/k/a "Johnny,"

JUSTIN BENIQUEZ, OSCAR BORIA, JR., ELIJAH CABRERA, WILLIS

CALDWELL, a/k/a "Fatts," ANTHONY CRUM, DEREK DEGROAT, ANTHONY

FIELDS, a/k/a "Tone," DENISE FLORES-JACOBSON, COLLYER GOODMAN,

a/k/a "West," ALAN KING, a/k/a "Killa Grip," LIEUNIGEL LEWIS,

a/k/a "Gucci Louie," DURANN ROLLINS, a/k/a "Dee," DAMON WHEELER,

a/k/a "Ross," and LINDA WILLIAMS, the defendants, shall forfeit

to the United States, pursuant to Title 21, United States Code,

Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

8.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the above
forfeitable property.

(Title 21, United States Code, Section 853.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**JUAN BENIQUEZ, et al.,**

**Defendants.**

**INDICTMENT**

S1 16 Cr. 478

(21 U.S.C. § 846; 18 U.S.C. § 924(c).)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.